**MILLER, Guardianship, In re.**

Ohio Appeals, Second District, Darke County.

No. 696.   Decided March 28, 1952.

J. G. Tourkow, Dayton, for petitioners-appellants, Ruth Miller Mack and James A. Burkhardt.

Hugh A. Staley, Wilbur D. Spidel, Greenville, for guardian-appellee, C. C. Ketrow.

Paul W. Younkers, Greenville, for exceptor-appellee, Esther Miller.

### OPINION

By MILLER, J:

This is a law appeal from the judgment of the Probate Court allowing the appellant, James A. Burkhardt attorney fees in the sum of $200.00 for services performed in the Matter of the Guardianship of Mary E. Miller, an incompetent person.

The errors assigned all relate to the inadequacy of the allowance.

The record reveals that on April 30, 1949, Harvey Z. Miller was appointed guardian of the person and estate of said Mary E. Miller; that on July 30, 1949, the said Mary E. Miller was committed to the Dayton State Hospital; that on October 27, 1949, Ruth Miller Mack, in the interest of her incompetent sister, filed an application through this appellant to remove Harvey Z. Miller as guardian and upon hearing being had good cause was shown and he was removed, the reason for the removal being that it would be beneficial to the health of said Mary E. Miller; that on December 27, 1949, C. C. Ketrow was appointed guardian; that the estate of said Mary E.

Miller consisted of a farm of eighty acres which was worth approximately $16,000.00.

The record further discloses that the appellant spent 108 hours in getting the one guardian removed and having the successor appointed; that he made twelve round trips from Dayton to Greenville, a distance of some 900 miles, and consuming an additional twenty-four hours; that the cost of transportation in his automobile was worth ten cents per mile. It further appears that services were performed by the appellant in securing the release of the ward from the State Hospital.

It may be said that it clearly appears that the services performed by this appellant were worth more than the sum allowed by the Court, but the trial court in its opinion stated that the estate was benefited only to the extent of $200.00.

The question presented is whether the Court erred in limiting the fees to the amount the estate was benefited or should it also have made an allowance for the services which were beneficial to the ward by reason of the removal proceedings. We are of the opinion that under §10506-52 GC both of the services were performed in the execution of the trust and for which compensation should be allowed. The removal of the guardian was certainly in the best interest of the ward or it would not have been so ordered. Since it appears that the Court did not properly apply the law applicable to the amount of fees to which the appellant was entitled, the judgment will be reversed and the cause ordered remanded for further consideration.

HORNBECK, PJ, WISEMAN, J, concur.